Díaz, Plaintiff and Appellant, v. Sánchez Morales & Company, Defendants and Appellees.

Appeal from the District Court of Ponce in an Action for Damages.

No. 1830.—Decided July 26, 1918.

DAMAGES—CONTRADICTORY EVIDENCE—APPEAL.—A judgment will not be reversed on appeal when the evidence before the trial court was contradictory and the court adjusted the conflict, unless it be shown that the court was influenced by passion, prejudice or partiality or committed manifest error.

The facts are stated in the opinion.

Mr. Leopoldo Tormes for the appellant.

The appellees did not appear.

Mr. Justice del Toro delivered the opinion of the court.

Gregorio Díaz, of age and a resident of Ponce, sued Sánchez Morales & Company, a commercial firm engaged, among other things, in the sale of automobiles, to recover $2,000 damages for injuries inflicted upon him by one of the employees of the said firm in the following manner: On June 15, 1917, Gregorio Díaz was riding a bicycle slowly along Mayor Street of the city of Ponce and on reaching the corner of Comercio Street was struck by an automobile belonging to the defendants which was being driven by Oscar Alvarez Torres, their employee, in a careless and negligent manner, such negligence and carelessness being the cause of the accident, as a result of which Díaz suffered serious wounds which kept him in bed for one month under medical treatment. Such, in synopsis, is the complaint.

The defendants admitted the fact of the accident, but denied that it was due to the fault and negligence of their employee and alleged that it was caused by the fault and negligence of the plaintiff himself.

Issue being thus joined, the case went to trial. The plaintiff and various witnesses testified. Their testimony tends to show that the automobile was moving rapidly along a dangerous place and that the horn was not sounded. The evidence

of the defendants consisted of the testimony of their chauffeur and of their agent in the city of Ponce. Oscar Alvarez Torres testified that, as was necessary in the locality through . which he was going, he was driving slowly and sounded his horn; "that he was about to make the turn in the direction of Degetau Square when he observed a bicyclist coming toward him at a good rate of speed from the opposite direction; that the bicyclist was approaching on his left, that is, on the witness's right, and seeing this, the witness turned the automobile out so as to allow the bicycle to pass to the right of the witness, but noticing that the bicyclist then attempted to take the side on his right, witness stopped the car and as he was traveling very slowly his engine also stopped immediately; that apparently, either because he was going so fast or because he was unskilled in the control of his bicycle and also because he carried a tin of lard in his hands, the bicyclist was unable to preserve the necessary equilibrium and so collided with the right front wheel of the car and, still seated on his bicycle, was thrown upon the mud-guard." The agent's testimony referred to the good qualities of the chauffeur.

On motion of the defendants, in which the plaintiff joined, the district court made an ocular inspection of the place, but there is nothing in the statement of the case to show the result. In its opinion the trial court refers thereto as follows:

"The inspection was made in the presence of the attorneys for the parties and the parties personally, and the 1917 Overland six-cylinder car which caused the accident was used in making the demonstration.

"From the personal inspection the court reached the conclusion that the accident occurred when the automobile turned the corner of Mayor Street into Comercio Street traveling west, the bicycle on which the plaintiff was riding approaching in the opposite direction along Comercio Street.

"It was found that at this corner and particularly in that section of Comercio Street between *El Día* and the Crédito y Ahorro

Ponceño the streets are very narrow, measuring only about four and a half yards in width.

"The inspection also established beyond all doubt that the bicycle did not collide with the front of the automobile but that it struck the front of the right side of its bonnet, which indicates that the car had not yet turned the corner. The inspection clearly showed that in rounding the corner the automobile occupied nearly the entire width of the street at the turn. The bicycle on which the plaintiff was riding at that time and which was deposited in the Insular Police station was also examined and several of the spokes of the front wheel were found to be broken."

The case having been finally submitted to the court, it was decided against the plaintiff. In his opinion the district judge said:

"The court has carefully examined the evidence admitted in this case, which is conflicting, and after a careful consideration of the same the court is unable to reach the conclusion that the accident was due to the negligence of the defendants or of their employee, Oscar Alvarez Torres. The court is rather inclined to believe that the collision in which Gregorio Díaz sustained the injuries mentioned in the complaint was due to an unfortunate accident for which, as stated, no liability has been shown to attach to the defendants because no negligence on their part has been satisfactorily proved."

The plaintiff-appellant maintains in his brief that the court erred in finding that the evidence was contradictory and that the mishap was the result of an unfortunate accident, and in holding that there was no negligence on the part of defendants.

We have examined the evidence and in our opinion it is contradictory. It is immaterial that the chauffeur was involved. Like the plaintiff, he testified under oath. He was a witness and the judge, who heard his testimony from his own lips and could observe his facial expression and attitude while testifying in the same manner that he could those of the plaintiff and his witnesses, decided the conflict in favor of the defendants.

It was not shown that the judge was influenced by pas-

sion, prejudice, or partiality, or that he committed any manifest error; therefore, according to the repeated jurisprudence of this court, the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.